IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOSHUA TILLMAN                                                                                    PLAINTIFF

v.                                          Civil No. 1:14-cv-01038

SIMON PAMPLIN et al.                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Lance Smith's Motion to Substitute the United States for Individually Named Defendant, Lance Smith, and Motion to Dismiss.  ECF No. 6.  This Motion was filed on July 3, 2014.  *Id.*  On July 18, 2014, Defendant Pamplin filed a response to this Motion to Dismiss.  ECF No. 8.  Plaintiff has not filed a response to this Motion, and the time to respond has expired.  *See* Local Rule 7.2(b).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, the Court recommends Defendant Smith's Motion to Dismiss (ECF No. 6) be **GRANTED**, and Plaintiff's case be dismissed in its entirety.

**1.      Background:**

On June 25, 2014, this action was removed from the Circuit Court of Ashley County, Arkansas.  ECF No. 1.  In his Complaint, Plaintiff alleges he was injured during a traffic accident that occurred because of the negligence of Defendant Pamplin and Defendant Smith.  ECF No. 4.  Plaintiff also alleges Defendant Smith "at all times herein, was acting within the scope of his employment with defendant, John Doe 1."  *Id.* at 1.

Defendant Smith does not dispute this claim that he was acting within the scope of his employment when this accident occurred.  ECF No. 6.  Indeed, in his Motion to Dismiss,

Defendant Smith provided certification from the U.S. Attorney's Office for the Western District of Arkansas stating he was acting within the scope of his employment for the U.S. Fish and Wildlife Service during the accident in question. ECF No. 6-1.

Further, in his Motion to Dismiss, Defendant Smith claims because he was acting within the scope of his employment for the U.S. Fish and Wildlife Service during this accident, he is not the proper defendant in this action. ECF No. 6. Instead, he argues the United States of America is the proper defendant in this action. *Id.* Defendant Smith also claims because the United States of America is the proper defendant (and not Defendant Smith), the exclusive remedy for Plaintiff is under the Federal Tort Claims Act ("FTCA"). *Id.* Under the FTCA, Plaintiff must exhaust his administrative remedies prior to filing suit. *Id.* Defendant Smith argues because Plaintiff did not exhaust his administrative remedies prior to filing suit, he did not comply with the FTCA, and his claims must be dismissed. *Id.*

As noted above, Plaintiff did not respond to Defendant Smith's Motion, and the time to respond has expired. *See* Local Rule 7.2(b) (permitting fourteen days for a response). Thus, the Court finds this Motion is ripe for consideration.

**2.      Applicable Law:**

To determine whether a federal court has subject-matter jurisdiction over a case, the federal court may look "to matters outside the pleadings." *Osborn v. United States,* 918 F.2d 724, 728 n.4 (8th Cir. 1998) (recognizing "[t]he district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)"). Indeed, because "its very power to hear the case" is at issue, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730. Further, "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

2

Where a federal district court has no subject-matter jurisdiction over a case, the case must be dismissed. *See* FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). *See also Biscanin v. Merrill Lynch & Co.,* 407 F.3d 905, 907 (8th Cir. 2005) ("[i]f the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate"). Generally, where a federal court has no subject-matter jurisdiction, the dismissal must be without prejudice. FED. R. CIV. P. 41(b).

**3.     Discussion:**

In the present action, it is undisputed Defendant Smith was acting within the scope of his employment during the accident in question. *See* ECF Nos. 4, 6. Defendant Smith has attached a Certificate of Scope of Employment from the U.S. Attorney's Office for the Western District of Arkansas certifying his employer at the time of the events in question was the U.S. Fish and Wildlife Services. ECF No. 6-1.

As such, any action against Defendant Smith or his employer must be brought under the FTCA. 28 U.S.C. § 2679(b)(1) (1988) ("The remedy against the United States . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages").

To bring an action under the FTCA, Plaintiff must exhaust his administrative remedies prior to filing suit. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the

appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). Here, Defendant Smith has provided a Declaration from Theresa Nallett, the Assistant Regional Tort Officer for Region 4 of the U.S. Fish and Wildlife Service, certifying Plaintiff "has not filed an administrative claim in accordance with the Federal Tort Claims Act." ECF No. 6-2. Thus, Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit, and the Court does not have subject-matter jurisdiction over this action.

**4.    Conclusion:**

Based upon the foregoing, because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, the Court recommends Plaintiff's case be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 41(b).

Further, because the Court recommends these federal claims be dismissed, the Court also recommends all supplemental state law claims against Defendant Pamplin be dismissed under 28 U.S.C. § 1367(c)(3) (allowing a district court to decline to exercise supplemental jurisdiction over a state law claim when the district court dismisses all claims "over which it has original jurisdiction").

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 18th day of August 2014.

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE